IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. RUEGGE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
LARRY LEE RUEGGE, APPELLANT.

Filed January 13, 2015.   No. A-14-197.

Appeal from the District Court for Holt County: MARK D. KOZISEK, Judge. Affirmed.

Larry Lee Ruegge, pro se.

Jon Bruning, Attorney General, and George R. Love for appellee.

IRWIN, RIEDMANN, and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Larry Lee Ruegge appeals an order of the district court for Holt County, Nebraska, denying Ruegge's motion for postconviction relief without granting an evidentiary hearing. On appeal, Ruegge asserts that the district court erred in denying him postconviction relief, in denying him an evidentiary hearing, and in not appointing counsel. We find no merit, and we affirm.

## II. BACKGROUND

In April 2012, Ruegge was convicted by a jury of burglary. He was found to be a habitual criminal and sentenced to 14 to 20 years' imprisonment. Ruegge filed a direct appeal, and this court found no merit to his assertions on appeal and affirmed his conviction in a memorandum opinion. See *State v. Ruegge*, No. A-12-551, 2013 WL 5366332 (Neb. App. July 16, 2013) (selected for posting to court Web site).

- 1 -

As we noted in our opinion rejecting Ruegge's direct appeal, the incident giving rise to Ruegge's conviction occurred in October 2010, when a swine nursery was burglarized. The State's primary evidence against Ruegge at trial was the testimony of one of Ruegge's acquaintances, Collin O'Connell, who allegedly burglarized the nursery with Ruegge. O'Connell testified against Ruegge, and Ruegge's defense focused almost entirely on discrediting O'Connell's testimony. After hearing all of the evidence, the jury convicted Ruegge.

In November 2013, Ruegge filed a verified motion for postconviction relief. As grounds for relief, Ruegge asserted that he had received ineffective assistance of appellate counsel. Ruegge alleged that his appellate counsel had "failed to specifically assign and specifically argue" certain instances of alleged ineffectiveness by Ruegge's trial counsel, including failing to object to the State's characterization of O'Connell "as an informant" instead of as an accomplice; failing to request an accomplice jury instruction; and failing to call a potential witness to testify about O'Connell's having lied when implicating Ruegge. Ruegge also alleged that his appellate counsel had failed "to specifically assign as error the district court erred in the manner in which it responded to a question posed by the jury during deliberations."

The State filed a motion to dismiss Ruegge's postconviction action without an evidentiary hearing. The State alleged that Ruegge had failed to allege facts which would constitute a denial or violation of his constitutional rights and that the case files and record affirmatively demonstrated that Ruegge was entitled to no relief.

In January 2014, the district court held a telephonic hearing. At that hearing, the State offered a copy of the brief filed on direct appeal by Ruegge's appellate counsel and a copy of this court's opinion rejecting Ruegge's direct appeal. The State argued that Ruegge's claims that his appellate counsel had failed to specifically assign and specifically argue various issues were directly refuted by the brief filed by his counsel and by this court's opinion, in which this court addressed the various assertions concerning trial counsel's failure to challenge the State's characterization of O'Connell that Ruegge asserts his appellate counsel failed to properly raise. The State argued that Ruegge had failed to allege facts showing that he was entitled to relief concerning his claim that appellate counsel was ineffective for not asserting that trial counsel had been ineffective regarding calling the witness to testify about O'Connell's credibility because O'Connell himself admitted to the same information that the proposed witness would allegedly have testified to. The State argued that Ruegge had failed to allege facts showing that there was any prejudice related to the court's response to the jury's question during deliberations.

In February 2014, the district court entered an order dismissing Ruegge's motion for postconviction relief without further evidentiary hearing. The court noted that it had specifically considered the prior filings made in Ruegge's criminal case, the opinion of this court on direct appeal, and the filings made in the present postconviction action. The court then, in turn, rejected each of Ruegge's asserted grounds for postconviction relief.

With respect to Ruegge's assertion that his appellate counsel had been ineffective for failing to specifically assign and specifically argue trial counsel's ineffectiveness related to the State's characterization of O'Connell, the district court found that Ruegge had failed to allege sufficient facts to demonstrate that trial counsel had been ineffective in the first instance. The court specifically noted that, at trial, although the State had referred to O'Connell as an informant instead of as an accomplice, O'Connell had also been referred to as a "snitch," a

"co-defendant," and a "stool pigeon" at various times during voir dire. In addition, there was evidence adduced demonstrating that O'Connell had participated in the crime with Ruegge. O'Connell's involvement in the crime, his prior statements and prior unlawful behavior, and the fact that the State had promised not to prosecute O'Connell in exchange for his testimony were all explored at trial. Thus, the district court concluded, Ruegge failed to demonstrate that the outcome of the proceedings would have been any different if his trial counsel had objected to the State's characterization of O'Connell as an informant rather than as an accomplice.

With respect to Ruegge's claim that his appellate counsel had been ineffective for failing to specifically assign and specifically argue trial counsel's ineffectiveness related to not requesting an accomplice jury instruction, the district court concluded that appellate counsel did raise that issue on direct appeal. The court concluded that, although this court did not reach the ultimate merits of the claim, the record clearly demonstrates that appellate counsel did reach the issue and, accordingly, affirmatively refutes Ruegge's assertion that his appellate counsel was ineffective for not raising it.

With respect to Ruegge's claim that his appellate counsel had been ineffective for failing to specifically assign and specifically argue trial counsel's ineffectiveness related to not calling a particular witness, the district court found that Ruegge had failed to allege facts demonstrating any prejudice from trial counsel's failure to call the witness. The court noted that everything Ruegge alleged that the potential witness could have presented testimony about was already admitted to and testified to by O'Connell and that the potential witness' testimony would have been cumulative. Because O'Connell's credibility was thoroughly explored and presented to the jury, the court concluded, Ruegge failed to allege sufficient facts to demonstrate that calling the potential witness would have changed the outcome of the case.

Finally, with respect to Ruegge's claim that his appellate counsel had been ineffective for failing to assign error concerning trial counsel's ineffectiveness related to the trial court's response to a question posed by the jury during deliberations, the district court concluded that Ruegge failed to allege sufficient facts demonstrating how the court's response was incorrect or resulted in any prejudice.

Because the district court concluded that Ruegge had failed to allege sufficient facts demonstrating any entitlement to relief and that the record affirmatively demonstrated that he was entitled to no relief, the court denied postconviction relief, dismissed Ruegge's motion without further hearing, and denied Ruegge's request for the appointment of counsel. This appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Ruegge has assigned three errors, in which he challenges the district court's denial of postconviction relief, denial of an evidentiary hearing, and denial of counsel.

## IV. ANALYSIS

The Nebraska Postconviction Act provides relief to a convicted prisoner if that prisoner can show that his or her conviction was the result of an infringement of the prisoner's constitutional rights. *State v. Fernando-Granados*, 289 Neb. 348, 854 N.W.2d 920 (2014). Postconviction relief may be denied without an evidentiary hearing if (1) the petitioner fails to

allege facts supporting a claim of ineffective assistance of counsel or (2) the files and records affirmatively show that he or she is entitled to no relief. *Id.*

Appeals of postconviction proceedings are reviewed independently if they involve a question of law. *Id.* A trial court's ruling that a petitioner's allegations are too conclusory is a finding as a matter of law that the petitioner has failed to state a claim for postconviction relief. *Id.* In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *Id.*

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *Id.* When reviewing the claim, an appellate court reviews the factual findings of the lower court for clear error; however, with regard to the questions of deficient performance and prejudice, an appellate court reviews such determinations independently of the lower court's decision. *Id.*

## 1. MERITS OF POSTCONVICTION RELIEF

As noted above, Ruegge sought postconviction relief on the basis of asserting that his counsel on direct appeal "was ineffective for failing to specifically assign and specifically argue the following ineffective assistance of trial counsel claims on direct appeal": failing to object to the characterization of O'Connell as an informant instead of as an accomplice, failing to request an accomplice jury instruction, and failing to call a specific witness for the defense. Ruegge also asserted that his appellate counsel "was also ineffective for failing to specifically assign as error the district court erred in the manner in which it responded to a question posed by the jury during deliberations." We conclude that Ruegge failed to demonstrate that he was entitled to relief on any of these allegations of ineffectiveness of trial counsel, and the district court did not err in so finding.

In an ineffective assistance of counsel claim, there must be a finding of both deficiency of counsel and prejudice to the defendant's case. *State v. Fernando-Granados, supra.* To show ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a defendant must show, first, that counsel was deficient and, second, that the deficient performance actually caused prejudice to the defendant's case. *State v. Fernando-Granados, supra*. The two prongs of this test may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *Id.*

Prejudice caused by counsel's deficiency is shown when there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Fernando-Granados*, 289 Neb. 348, 854 N.W.2d 920 (2014). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury, and taking factual findings unaffected by any error as a given and taking due account of the effect of any error on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent error. See *id.*

## (a) Characterization of O'Connell

Ruegge first based his request for postconviction relief on an assertion that his appellate counsel had been ineffective for failing to specifically assign and argue that trial counsel was ineffective for failing to object to the State's characterization of O'Connell as an informant during voir dire, rather than as an accomplice. We agree with the district court that this claim lacks merit.

During voir dire, the State informed the prospective jurors that the case being tried involved "an informant." The State, however, also indicated that "there are a lot of names for informants," including "[s]nitch" and "stool pigeon." The State also told the prospective jurors that the State had "promised . . . O'Connell that [it] won't prosecute him in exchange for his truthful testimony" and that "O'Connell will testify that he was present at the burglary and actually walked in and took some things himself." The State also referred to O'Connell as a "codefendant."

On this claim, the district court found that Ruegge had failed to allege sufficient facts to demonstrate that trial counsel was ineffective in the first instance. The court concluded that the record and files demonstrated that O'Connell was described by the State as an accomplice, even if he was not specifically called one, and Ruegge failed to allege sufficient facts to demonstrate that his trial counsel had been ineffective for failing to object to the State's characterizations of O'Connell. The court further concluded that Ruegge had failed to allege facts demonstrating that the outcome of the proceedings would likely have been different had his counsel objected. We agree.

Having agreed that Ruegge failed to demonstrate that his trial counsel was ineffective or that there was any prejudice related to the State's characterization of O'Connell during voir dire, we similarly conclude that Ruegge failed to allege any facts demonstrating that his appellate counsel was ineffective for not specifically assigning and arguing about this on direct appeal. It was not error to deny Ruegge postconviction relief on his allegation.

## (b) Accomplice Instruction

Ruegge next based his request for postconviction relief on an assertion that his appellate counsel had been ineffective for failing to specifically assign and argue that trial counsel was ineffective for not requesting an accomplice jury instruction. We agree with the district court that this claim lacks merit.

In our opinion on Ruegge's direct appeal, we addressed his appellate counsel's claim that trial counsel had been ineffective in a variety of ways. One of the assertions we addressed was appellate counsel's claim that trial counsel had been ineffective "for failing to request a jury instruction concerning how the testimony of a 'co-defendant' should be 'interpreted.'" See brief for appellant on direct appeal at 19. We specifically concluded that "to the extent that Ruegge is asserting that trial counsel should have requested a specific instruction about how the jury is to consider the testimony of an accomplice, we find that the record is insufficient to review whether counsel was ineffective." *State v. Ruegge*, No. A-12-551, 2013 WL 5366332 at *8 (Neb. App. July 16, 2013) (selected for posting to court Web site). We concluded that the record was insufficient to address whether trial counsel had requested an accomplice jury instruction or, if not, why he had not done so or whether not doing so might have been a reasonable trial strategy.

Ruegge did not make any claims in this postconviction action to assert directly that his trial counsel had been ineffective or requesting an evidentiary hearing on matters that we had previously held the record insufficient to address. Rather, he specifically alleged in this postconviction action that his appellate counsel was ineffective for not specifically raising this issue. But appellate counsel did specifically raise this issue, and the records and files of this case affirmatively demonstrate that there is no merit to the assertion that appellate counsel failed to raise this issue.

The district court specifically held that the record demonstrated that appellate counsel did raise the issue on appeal and therefore that Ruegge was entitled to no relief on this claim that appellate counsel was ineffective. We agree.

### (c) Calling of Witness

Ruegge next based his request for postconviction relief on an assertion that his appellate counsel had been ineffective for failing to specifically assign and argue that trial counsel was ineffective for not calling a particular witness. We agree with the district court that this claim lacks merit.

Ruegge alleged that his trial counsel was ineffective for failing to call an attorney to whom O'Connell had made admissions indicating that he had lied to law enforcement when he had implicated Ruegge in the crimes at issue at trial. Ruegge alleged that if the attorney had been called, he could have testified about whether he or O'Connell had initiated the conversation and could have testified to the fact that O'Connell admitted that he lied to investigators concerning Ruegge's involvement. He alleged that the testimony of an attorney would have been more reliable than that of a "meth addict who [was] trying to save his own skin."

The district court noted that at trial, O'Connell had testified on cross-examination about the statements that he had made to the attorney. O'Connell had admitted during cross-examination that he had told the attorney a number of things, including that he did not know who had been involved in the burglary, that he had lied to law enforcement when he implicated Ruegge in the burglary, that he had felt coerced into making statements implicating Ruegge, and that he had never seen Ruegge burglarize anything.

The testimony that Ruegge has alleged in his motion that could have been presented by the attorney was presented in O'Connell's own testimony. O'Connell admitted to making the very statements that Ruegge alleges his trial counsel was ineffective for not calling the attorney to testify about. Ruegge has not demonstrated why there was any need to have another witness present the same testimony, why failing to present cumulative evidence could be considered deficient performance, or how he might have been prejudiced by the failure of trial counsel to present such cumulative evidence. We agree with the district court that Ruegge was not entitled to postconviction relief on this assertion.

### (d) Response to Jury Question

Ruegge finally based his request for postconviction relief on an assertion that his appellate counsel had been ineffective for failing to specifically assign as error that the trial court had erred in the manner in which it responded to a question posed by the jury during deliberations. We agree with the district court that this claim lacks merit.

- 6 -

We first note that in Ruegge's postconviction motion he has not presented any indication of what question was asked by the jury during deliberations, what answer was given by the trial court, or why that answer was erroneous. He merely indicates that because his appellate counsel failed to specifically assign this as error, this court "declined to address counsel's contention concerning the answer to the jury's question on appeal."

The district court, in the present postconviction proceeding, noted that at trial the jury had posed two questions to the court during its deliberations and that Ruegge's "brief indicates that [he] complains about the court's response to the jury question" concerning the State's charging Ruegge with burglary during the month of October, rather than on a specific date during the month. Ruegge's brief on appeal to this court does not address his assertion that the trial court erred in its handling of any jury question or that his appellate counsel had been ineffective for failing to raise such an issue.

Ruegge alleged no facts in his postconviction motion to demonstrate that the trial court committed any error, that any such error prejudiced him in any way, or that his appellate counsel was ineffective in any way related to this matter. His motion does not allege facts from which we can even discern what the alleged error by the trial court actually was. We agree with the district court that Ruegge was not entitled to postconviction relief on this matter.

### (e) Conclusion

As such, we find no error in the district court's conclusion that with respect to each asserted basis for postconviction relief Ruegge failed to allege sufficient facts to demonstrate any violation of his constitutional rights or any entitlement to postconviction relief and that the record affirmatively demonstrated that he was not entitled to relief. We find no merit to Ruegge's assignment of error that the district court erred in dismissing his motion for postconviction relief.

### 2. DENIAL OF EVIDENTIARY HEARING

Ruegge also assigns as error the district court's dismissal of his motion for postconviction relief without granting an evidentiary hearing. We find this claim to be without merit.

An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010). However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. *Id.*

In this case, the district court held a telephonic hearing. At the commencement of the hearing, the court asked the State if it had "[a]ny evidence" to adduce. The State then offered, and the court received without objection, Ruegge's brief on direct appeal and this court's opinion affirming Ruegge's conviction on direct appeal. The court then asked Ruegge if he had any evidence, and Ruegge indicated that he had "[n]one that I can think of."

As we have concluded above, this is a case where Ruegge's motion failed to include sufficient facts to demonstrate an entitlement to relief and the record affirmatively demonstrated that he was not entitled to relief. Thus, we find no error in the district court's failure to conduct

any further evidentiary hearing beyond the opportunity it gave to Ruegge to present evidence and which Ruegge failed to avail himself. This assigned error is meritless.

### 3. DENIAL OF COUNSEL

Finally, Ruegge has assigned as error that the district court erred in denying his request for postconviction relief without appointing counsel to represent him. We find no merit to this claim.

Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant. *State v. McGhee, supra*. When the assigned errors in a postconviction petition before the district court contain no justiciable issues of law or fact, it is not an abuse of discretion to fail to appoint counsel. *Id.*

As we have concluded above, Ruegge's motion for postconviction relief did not contain any justiciable issues of law or fact. Thus, we conclude there was no abuse of discretion by the district court in failing to appoint counsel. This assigned error is meritless.

### V. CONCLUSION

We find no merit to Ruegge's appeal. We affirm.

AFFIRMED.